| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: DISTRICT OF DELAWARE | |
| Case number *(if known)* | Chapter **11** |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  NanoString Technologies Netherlands B.V.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  N/A

**4. Debtor's address**

Principal place of business
530 Fairview Avenue North, Suite 2000
Seattle, WA 98109
Number, Street, City, State & ZIP Code

King
County

Mailing address, if different from principal place of business

P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

Number, Street, City, State & ZIP Code

**5. Debtor's website (URL)**  https://nanostring.com/

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

Debtor  **NanoString Technologies Netherlands B.V.**    Case number (*if known*) _____
       Name

| | |
|---|---|
| **7.** **Describe debtor's business** | A. *Check one:* <br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ☒ None of the above <br><br> B. *Check all that apply* <br> ☐ Tax-exempt entity (as described in 26 U.S.C. §501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. <br>     **3345** |
| **8.** **Under which chapter of the Bankruptcy Code is the debtor filing?** <br><br> A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* <br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☒ Chapter 11. *Check **all** that apply:* <br>     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>     ☐ A plan is being filed with this petition. <br>     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br>     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br>     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br> ☐ Chapter 12 |
| **9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br> If more than 2 cases, attach a separate list. | ☒ No. <br> ☐ Yes. <br><br> District _____ When _____ Case number _____ <br> District _____ When _____ Case number _____ |
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br> List all cases. If more than 1, attach a separate list | ☐ No <br> ☒ Yes. <br><br> Debtor  **See Schedule 1**    Relationship _____ <br> District _____ When _____ Case number, if known _____ |

Debtor  **NanoString Technologies Netherlands B.V.**     Case number (*if known*) _____
       Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets** (on a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities** (on a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **NanoString Technologies Netherlands B.V.**　　　　　　　　　Case number (*if known*)
　　　　Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on　**02/04/2024**
　　　　　　　　MM / DD / YYYY

X　**/s/ R. Bradley Gray**　　　　　　　　　　　**R. Bradley Gray**
　　Signature of authorized representative of debtor　　Printed name

Title　**President and Chief Executive Officer**

---

**18. Signature of attorney**

X　**/s/ Edmon L. Morton**　　　　　　　　　　　Date　**02/04/2024**
　　Signature of attorney for debtor　　　　　　　　　　　MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone　**(302) 571-6600**　　Email address　**emorton@ycst.com**

**3856 DE**
Bar number and State

## Schedule 1

## Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| NanoString Technologies, Inc. | 20-0094687 |
| NanoString Technologies International, Inc. | 35-2582723 |
| NanoString Technologies Netherlands B.V. | N/A |
| NanoString Technologies Germany GmbH | N/A |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> NANOSTRING TECHNOLOGIES, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-_____ (   ) <br><br> (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS
HOLDING THE 30 LARGEST UNSECURED CLAIMS**

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty (30) largest unsecured claims (the "Top 30 List") against NanoString Technologies, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"). This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation, (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed, or subject to a setoff; or (b) the listing of any claim as unsecured neither constitutes an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor constitutes a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are NanoString Technologies, Inc. (4687), NanoString Technologies International, Inc. (2723), NanoString Technologies Netherlands B.V., and NanoString Technologies Germany GmbH. The Debtors' headquarters is located at 530 Fairview Avenue North, Suite 2000, Seattle, WA 98109

**Fill in this information to identify the case:**
Debtor name: NanoString Technologies, Inc.
United States Bankruptcy Court for the: District of Delaware
Case number (If known):_____

☐ Check if this is an amended filing

Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

2/4/2024

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | 10x Genomics Inc<br>6230 Stoneridge Mall Rd, Pleasanton, CA 94588 | Serge Saxonov<br>925-401-7300<br>ssaxonov@10xgenomics.com | Patent infringement | Disputed | 31,000,000 | - | 31,000,000 |
| 2 | SalesForce.com Inc. (AR)<br>415 Mission Street, 3rd Floor San Francisco, CA 94105 | Amy Weaver<br>415-901-7000<br>amy.weaver@salesforce.com | Software | | 1,465,708 | - | 1,465,708 |
| 3 | Jason M. Wood<br>4885 PARADISE DR. TIBURON, CA 94920 | Jason Wood<br>415-728-2220<br>jason@jwoodcapital.com | Bank Service Charges | | 1,438,160 | - | 1,438,160 |
| 4 | Weil, Gotshal & Manges, LLP<br>767 5th Avenue, New York, NY 10017 | Edward Reines<br>650-802-3000<br>edward.reines@weil.com | Legal - Litigation | | 1,358,525 | - | 1,358,525 |
| 5 | Lam Research Corporation<br>4650 Cushing Parkway, Fremont, CA 94538 | Timothy Archer<br>510-572-1615<br>timothy.archer@lamresearch.com | Accrued Royalties Payable | | 881,459 | - | 881,459 |
| 6 | HCL Technologies Corp Srvcs Ltd<br>Axon Centre, Church Road, Egham TW20 9QB | Anubhav Verma<br>+91-845-090-4672<br>anubhav.verma@hcl.com | Capital in Progress | | 569,664 | - | 569,664 |
| 7 | Gibson, Dunn & Crutcher LLP<br>555 Mission St., Sutie 3000, San Francisco, CA 94105 | Ryan A. Murr<br>415-393-8373<br>rmurr@gibsondunn.com | Legal - Corporate | | 522,188 | - | 522,188 |
| 8 | Westin San Diego Gaslamp Quarter<br>910 Broadway Circle, San Diego, CA 92101 | James Tate<br>619-239-2200<br>james.tate@westin.com | Contract | Disputed | 482,000 | - | 482,000 |
| 9 | D&K Engineering, Inc.<br>16990 Goldentop Road, San Diego, CA 92127 | William C. Suttner<br>858-376-2500<br>wsuttner@dkengineering.com | Systems - SMI - Deviations and Incremental Costs | Disputed | 451,832 | - | 451,832 |
| 10 | Idex Health and Science<br>12906 Collections Center Dr., Chicago, IL 60693 | Mark Joiner<br>847-498-7070<br>MJoiner@idexcorp.com | Instrument | | 407,106 | - | 407,106 |
| 11 | Oyster Bay Pump Works, Inc.<br>78 Midland Ave, Hicksville, NY 11801 | No Contact Found<br>516-933-4500<br>info@obpw.com | Capital in Progress | | 352,275 | - | 352,275 |
| 12 | FGS Global (US) LLC<br>909 Third Ave, 32nd Floor, New York, NY 10022 | Ajay Jmnarkar<br>646-805-2007<br>ajay@fgsglobal.com | Consulting | | 237,984 | - | 237,984 |
| 13 | Marketo, Inc.<br>345 Park Ave, San Jose, CA 95110 | Jack Hagler<br>720-370-5695<br>jhagler@adobe.com | Sales/Marketing-E-Marketing | | 219,408 | - | 219,408 |
| 14 | Slate360, Inc.<br>6628 Sky Pointe Dr, Suite 120, Las Vegas, NV 89131 | Danielle Reeve<br>720-633-5639<br>dreeve@slate360inc.ocm | Trade Shows | | 216,224 | - | 216,224 |
| 15 | Eurofins Genomics LLC<br>12701 Plantside Drive, Louisville, KY 40299 | Sumit Gupta<br>800-688-2248<br>sgupta@eurofinsus.com | SMI Reagents - COGS | | 198,000 | - | 198,000 |
| 16 | Ankura Consulting Group LLC<br>150 North Riverside Plaza, Suite 2400, Chicago, IL 60606 | Daniel Copps<br>312-212-6100<br>dcopps@ankura.com | Legal - Litigation | | 195,423 | - | 195,423 |
| 17 | LinkedIn Corporation<br>62228 Collections Center Drive, Chicago, IL 60693 | Nicole Singer<br>650-687-3600<br>nzucker@linkedin.com | Recruiting Expenses | | 164,206 | - | 164,206 |
| 18 | Seismic Software, Inc.<br>1129 E 16th St, Indianapolis, IN 46202 | Savannah Necessary<br>855-466-8748<br>snecessary@seismic.com | Software | | 147,964 | - | 147,964 |
| 19 | CaseSight, Inc.<br>100 Cummings Center, Suite 364B, Beverly, MA 01915 | Andrea Dugan<br>617-933-8550<br>adugan@casesightinc.com | Consulting | | 140,737 | - | 140,737 |
| 20 | EPIQ EDISCOVERY SOLUTIONS INC.<br>777 Third Avenue 12th Floor, New York, NY 10017 | Brain Castro<br>612-638-5555<br>brain.castro@epiqglobal.com | Legal - Litigation | | 127,171 | - | 127,171 |
| 21 | Korvis LLC<br>2101 NE Jack London, Corvallis, OR 97330 | Blake Harvey<br>541-738-4360<br>blake.harvey@ascentialtech.com | Instrument | | 123,949 | - | 123,949 |
| 22 | Redapt, Inc.<br>14051 NE 200TH ST., Woodinville, WA 98072 | Kevin Myers<br>425-882-0400<br>meyers@redapt.com | Instrument | | 117,573 | - | 117,573 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | Seattle Biosoftware, Inc.<br>6309B Phinney Ave. N., Seattle, WA 98103 | Peter Askovich<br>206-321-8626<br>peter.askovich@seattlebiosoftware.com | Software | | 116,500 | - | 116,500 |
| 24 | TrumpCard Holdings, LLC<br>23807 Aliso Creek Road, Suite 200, Laguna Niguel, CA 92677 | Rachel Harris<br>800-496-2206<br>rachel.harris@trumpcardinc.com | Outbound Freight - Instruments | | 100,223 | - | 100,223 |
| 25 | CDW Corporation<br>40 E Rio Salado Pkwy, Tempe, AZ 85281 | Mike Di Benedetto<br>847-465-6000<br>mikedib@cdw.com | Service Contracts | | 100,026 | - | 100,026 |
| 26 | Smartsheet.com, Inc.<br>500 108th Ave NE #200, Bellevue, WA 98004 | Jared Major<br>425-324-2360<br>jared.major@smartsheet.com | Software | | 93,988 | - | 93,988 |
| 27 | Schott North America, Inc.<br>2 International Drive, Suite 105, Rye Brook, NY 10573 | Carlos Mendia<br>502-657-4413<br>No email Found | Instrument | | 92,775 | - | 92,775 |
| 28 | Amazon Web Services, Inc.<br>410 Terry Ave North Seattle, WA 98104 | Julie Ness<br>206-335-6742<br>j.ness@aws.amazon.com | Software | | 91,980 | - | 91,980 |
| 29 | GoGather LLC<br>27885 High Vista Drive, Escondido, CA 92026 | Brain Kellerman<br>760-466-8080<br>bkellerman@gogather.net | Trade Shows | | 87,780 | - | 87,780 |
| 30 | Lucid Vision Labs, Inc.<br>Unit 130 - 13200 Dell Place, Richmond, BC V6V 2A2, Canada | Rod Barman<br>833-465-8243<br>rod.barman@thinklucid.com | Instrument | | 79,611 | - | 79,611 |

**UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS
OF
NANOSTRING TECHNOLOGIES NETHERLANDS B.V.
a Netherlands private limited liability company**

Adopted February 4, 2024

**WHEREAS**, the board of managing directors (the "Board") of NanoString Technologies Netherlands B.V., a Netherlands private limited liability company (the "Company"), has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, credit market conditions, and macroeconomic conditions impacting the Company;

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal and financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**, management of the Company is vested in the Board pursuant to Article 13.1 of the Deed of Incorporation of NanoString Technologies Netherlands B.V., effective as of May 17, 2021 (the "Deed"); and

**WHEREAS**, the Board desires to adopt and approve the following resolutions.

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties that a voluntary petition (the "Petition") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing a case (the "Bankruptcy Case") under the provisions of chapter 11 of the Bankruptcy Code, along with any recognition or similar proceeding outside of the United States that may be required in relation thereto; and it is further

**RESOLVED**, that the filing of a voluntary petition on behalf of the Company be, and the same hereby is, approved, authorized, and adopted in all respects and that each officer of the Company (each an "Authorized Officer"), be and hereby is, authorized and empowered on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time and in such form as the Authorized Officer may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petition with the Bankruptcy Court); and it is further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized to (a) execute and file the Petition, along with all schedules of assets and liabilities, statements of financial affairs, lists, motions, applications, pleadings, declarations, and other papers that each Authorized Officer may determine necessary or proper in connection with such chapter 11 case, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petition and to administer the Bankruptcy Case in such form or forms as the Authorized Officer may determine necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as each Authorized Officer determines necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by each Authorized Officer); and it is further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Company; and it is further

### Retention of Professionals

**RESOLVED**, that the law firm of Willkie Farr & Gallagher LLP ("Willkie"), located at 787 Seventh Avenue, New York, NY 10019, shall be, and hereby is, authorized, directed, and empowered to represent the Company as general bankruptcy counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, each Authorized Officer be, and, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Willkie; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), located at 1000 North King Street, Wilmington, DE, 19801, shall be, and hereby is, authorized, directed, and empowered to represent the Company as Delaware bankruptcy counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, each Authorized Officer be, and, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that the financial advisory firm of AlixPartners LLP ("AlixPartners"), located at 909 Third Avenue New York, NY 10022, shall be, and hereby is, authorized, directed, and empowered to provide to the Company restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Officer be, and, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of AlixPartners; and it is further

**RESOLVED,** that Perella Weinberg Partners LP ("Perella") located at 767 Fifth Avenue New York, NY 10153, shall be, and hereby is, authorized, directed, and empowered to serve as investment banker to represent and assist the Company in connection with the potential restructuring of the Company's business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Officer be, and, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Perella; and it is further

**RESOLVED**, that Kroll Restructuring Administration LLC ("Kroll" and together with Willkie, Young Conaway, AlixPartners, and Perella, the "Advisors"), located at 55 East 52nd Street, 17th Floor New York, NY 10055, shall be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, and balloting agent in connection with the Bankruptcy Case; and in connection therewith, each Authorized Officer be, and, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

**RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the Bankruptcy Case; and it is further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to the Company as is deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, each Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application or motion for authority to retain the services of such individual or firms; and it is further

**Post-Petition Financing**

**RESOLVED**, that in connection with the Bankruptcy Case, each Authorized Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as a debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Case, which agreement(s) may require the Company to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Company's existing lender(s) on terms substantially similar to those described or provided to the Board; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

**RESOLVED**, that, in connection with the Bankruptcy Case, each Authorized Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for postpetition financing on terms substantially similar to those described or provided to the Board; (b) pledge and grant liens on the Company's assets as may be contemplated by or required under the terms of such postpetition financing; or (c) execute, deliver, verify, and/or file, or cause to be filed and/or executed, delivered, or verified, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as any such Authorized Officer may approve, and to take any and all actions that any such Authorized Officer determines advisable, necessary, or appropriate in connection with any postpetition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

**General**

**RESOLVED**, that each Authorized Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as a debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of the Company such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents, and to amend, supplement, or otherwise modify from time to time agreements, certificates, instruments, guaranties, notices, and all other documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, in such form as each Authorized Officer may approve, and to take any and all actions that each Authorized Officer determines advisable, necessary, or appropriate in connection with the Bankruptcy Case or as each Authorized Officer may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by each Authorized Officer); and it is further

**RESOLVED**, that all acts done or actions taken prior to the date hereof by each Authorized Officer or any professionals engaged by the Company with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Bankruptcy Case, or any proceedings related thereto, or any matter related thereto, be and

hereby are, adopted, approved, authorized, ratified, and confirmed in all respects as the acts and deeds of the Company.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned has hereunto set its name as of the date first above written.

**BOARD OF DIRECTORS OF NANOSTRING TECHNOLOGIES NETHERLANDS B.V.**

By: _____
Mark Daniel

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NANOSTRING TECHNOLOGIES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-\_\_\_\_\_ (   )<br><br>(Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors in possession in the above-captioned cases (each, a "Debtor"), hereby state as follows:

1. The following entities (together, the "Holders") own ten percent (10%) or more of the common stock, $0.0001 par value per share, of Debtor NanoString Technologies, Inc. ("NanoString") as of April 24, 2023:[2]

| Name | Address | Shares (%) |
|---|---|---|
| Wellington Group Holdings LLP ("Wellington") | c/o Wellington Management Company LLP<br>280 Congress Street<br>Boston, MA 02210 | 13.6% |
| BlackRock, Inc. ("BlackRock") | 55 East 52nd Street<br>New York, New York 10055 | 10.3% |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are NanoString Technologies, Inc. (4687), NanoString Technologies International, Inc. (2723), NanoString Technologies Netherlands B.V., and NanoString Technologies Germany GmbH. The Debtors' headquarters is located at 530 Fairview Avenue North, Suite 2000, Seattle, WA 98109.

[2] The Company is providing the Holders' ownership information based on Schedules 13G/A filed by the Holders with the U.S. Securities and Exchange Commission (the "SEC") on February 6, 2023 in the case of Wellington and January 23, 2023 in the case of BlackRock (together, the "Schedules 13G/A"). NanoString is unable to provide further information other than what is currently publicly disclosed in NanoString's filings with the SEC. Thus, by separate motion filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Rule 1007 to file a list of all of its equity security holders.

2.Debtor NanoString Technologies International, Inc. is 100% owned by NanoString.

3.Debtors NanoString Technologies Netherlands B.V. and NanoString Technologies Germany GmbH are 100% owned by NanoString Technologies International, Inc.

**Fill in this information to identify the case:**

Debtor name: **NanoString Technologies Netherlands B.V.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known):

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 4, 2024**    x  */s/ R. Bradley Gray*
Signature of individual signing on behalf of debtor

**R. Bradley Gray**
Printed name

**President and Chief Executive Officer**
Position or relationship to debtor